UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>KARLA BOZARTH,<br><br>                            Defendant. | Case Nos.: 16-cr-00262-BTM-5<br>                 19-cv-01763-BTM<br><br>**ORDER DENYING BOZARTH'S SECTION 2255 MOTION** |

Pending before the Court is a remaining claim from Defendant Karla Bozarth's motion under 28 U.S.C. § 2255 to vacate, set aside, or reduce her sentence. On June 4, 2021, the Court denied Bozarth's Section 2255 claims except one—her claim that her attorney was ineffective for failing to call Pawel Wlodarczyk as a witness at trial. For the reasons discussed below, the Court rejects that remaining claim and thus denies in full Bozarth's Section 2255 motion.

I. **BACKGROUND**

On November 22, 2016, a jury found Bozarth guilty of nine counts: eight counts of bringing aliens into the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and one count of conspiracy to do the same. (ECF Nos. 219 & 227). The charges stemmed from a smuggling operation on an aptly named

boat, the *Miss Behavin,* on which eight noncitizens were being smuggled into the United States. Among others, Bozarth, Wlodarczyk, and Ted Jenzen, the boat captain, were charged regarding the smuggling operation.

On the day Bozarth's trial was scheduled to begin, the government dismissed with prejudice the charges against Wlodarczyk—because the government did not have a "good-faith basis" to believe it could convict him on the evidence it had. (ECF No. 262). Jenzen had pled guilty and testified against Bozarth. (ECF No. 264).

Bozarth worked for a yacht brokerage company in Mexico. As Bozarth admits, "there was extensive evidence that [she] sold boats to the smuggling conspiracy." (ECF No. 410 at 2). Jenzen testified that Bozarth introduced him to the smuggling operation, discussed with him how much he would be paid for captaining the boat, and showed him a different boat that might be used for a different smuggling operation. (ECF No. 264 at 35-37, 42-47, 56-64). Bozarth explained to Jenzen that she had orchestrated similar smuggling operations and asked him to drive noncitizens to the marina for a smuggling operation. (Id. at 35-38, 56-64).

Before this smuggling operation, Bozarth asked Jenzen to do a "sea trial" (a test run) of the *Miss Behavin*, and Bozarth involved Jenzen in the boat's purchase. (Id. at 72-78). On February 2, 2016, Bozarth called Jenzen and told him to meet her at the *Miss Behavin*. (Id. at 100). When Jenzen arrived at the boat, Wlodarczyk was there with Bozarth. (Id.). Wlodarczyk was Bozarth's employee and roommate or tenant. The noncitizens were loaded on the boat, and Jenzen and Wlodarczyk, but not Bozarth, departed on the boat with the noncitizens. (Id. at 103-06). Jenzen did not know why Wlodarczyk was on the boat. (Id.).

The *Miss Behavin* was later stopped by law enforcement officers, who boarded the boat and discovered the noncitizens. (Id. at 106-114). Jose Aguilar-Flores, a noncitizen on the *Miss Behavin*, testified that Bozarth picked him up from

2

a restaurant in Ensenada and drove him to the boat. (ECF No. 263 at 71-76).

During closing arguments, the prosecutor argued that Wlodarczyk must have known about the smuggling operation because otherwise he would not have been allowed on the boat. (ECF No. 267 at 85). The prosecutor also argued that Wlodarczyk must have known about the operation through his relationship with Bozarth, and that Wlodarczyk was the "link" to Bozarth's guilt. (Id.).

As stated, the jury found Bozarth guilty of the nine counts. On July 10, 2017, the Court sentenced Bozarth to 60 months in custody.[1] (ECF Nos. 279 & 281). On August 30, 2018, the Ninth Circuit affirmed Bozarth's convictions. (ECF No. 310).

Bozarth filed a Section 2255 motion on September 13, 2019, raising numerous constitutional claims. (ECF No. 315). The Court rejected all but one claim—that Bozarth's attorney was ineffective for failing to call Pawel Wlodarczyk as a witness at trial. (ECF No. 354). The Court's found Bozarth's attorney deficient for failing to interview Wlodarczyk as a potential witness. (Id.). The Court also ruled that the prosecutor did not commit misconduct by arguing that Wlodarczyk was involved in the conspiracy. (Id.).

The Court held evidentiary hearings, and Wlodarczyk testified. (ECF Nos. 421, 422, 424. & 425). He claimed he did not know about the smuggling operation and that he was traveling to the United States to obtain construction goods he could not obtain in Mexico. The parties briefed the remaining issue regarding Wlodarczyk, and the Court heard oral argument. (ECF Nos. 394, 407, 410, 423, 426, & 427).

---

[1] On August 17, 2020, the Court granted a joint motion to release Defendant under 18 U.S.C. § 3582(c)(1)(A)(i), modifying her sentence to time served (33 months and 15 days) and 60 months of supervised release. (ECF Nos. 342 & 346). If Bozarth believes the length of her supervised release term is unlawful under 18 U.S.C. § 3583(b), she should file a motion forthwith.

Bozarth asks the Court to reconsider its ruling that the government did not commit misconduct by arguing that Wlodarczyk was involved in the conspiracy after the charges against him were dismissed with prejudice. The government asks the Court to reconsider its finding that trial counsel was deficient for failing to interview Wlodarczyk. The Court has reconsidered both rulings and holds that there is no basis to disturb them.

## II. DISCUSSION

28 U.S.C. § 2255 provides that a prisoner in custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." "Failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

A claim for ineffective assistance of counsel must establish that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, Bozarth "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Prejudice is found where "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

<u>Bozarth has failed to show prejudice</u>.

Bozarth has failed to show prejudice, for two reasons.[2] First, Wlodarczyk's

---

[2] The Court reiterates its ruling that counsel was deficient for failing to interview Wlodarczyk. The government has not identified a reasonable reason for counsel to not

testimony is incredible and is unlikely to be accepted by a jury. Second, even assuming otherwise, his testimony hardly undermines the substantial evidence against Bozarth and thus does not create a "reasonable probability" of a different result. Each point is addressed in turn.

According to Wlodarczyk, he was traveling on a boat to the United States to obtain construction goods from Home Depot, everyone else on the boat was orchestrating a smuggling operation or was a noncitizen being smuggled, and yet he was completely unaware that the boat was being used for smuggling. This is incredible.

Wlodarczyk likely knew that the boat was being used for alien smuggling. He is likely to have seen the noncitizens or heard the members of the conspiracy discussing the topic. It is also incredible to believe that a group of smugglers would allow an innocent bystander to travel with them. Under this theory, the smugglers would be risking Wlodarczyk discovering the operation and reporting them to the authorities. That would be a terrible risk for them, and it is very odd to believe they would have risked that just so Wlodarczyk could buy goods. Furthermore, his testimony that he was taking a cross-border boat ride to shop at Home Depot lacks any credibility. No reasonable or rational jury would have accepted Wlodarczyk's testimony.

Moreover, even if he was unaware of the smuggling operation, a jury may reasonably believe that he knew the boat was traveling to the United States because of Bozarth. Bozarth is Wlodarczyk's apparent connection to the boat, and it is doubtful that Bozarth knew about the boat's travel plan without knowing about the smuggling operation. In other words, the mere fact that Wlodarczyk was on the boat incriminates Bozarth.

---

do so.

In any case, even assuming the jury accepted Wlodarczyk's testimony, his testimony does not undermine the Court's confidence in the fairness of the trial nor raise a reasonable probability of a different result. There were three primary pieces of evidence against Bozarth: (1) the "extensive evidence that [she] sold boats to the smuggling conspiracy"; (2) Jenzen's testimony incriminating her and providing that she was a principal architect of the smuggling operation: and (3) an illegal alien's testimony that Bozarth drove him to the boat for the smuggling operation. That evidence is substantial, if not overwhelming. Wlodarczyk's testimony that he was not involved hardly, if at all, undermines that evidence.

Thus, Wlodarczyk's testimony does not come close to undermining the Court's confidence in the fairness of the trial. There is no reasonable probability that his testimony would have changed the verdict. His testimony was unbelievable and, even if accepted, was not particularly probative of Bozarth's guilt or innocence.[3] Her guilt was proved through substantial evidence, and because Wlodarczyk's testimony would not have undermined that evidence, the Court must deny Bozarth's claim and motion. *See, e.g.*, *Hernandez v. Chappell*, 923 F.3d 544, 557 (9th Cir. 2019) (finding no prejudice because the defendant was relying on weak evidence that would not have sufficiently undermined the overwhelming evidence of guilt).

The Court recognizes that the prosecutor called Wlodarczyk the "link" to Bozarth's guilt. But that statement oddly underrepresented the strength of the government's case. The government had a strong case without that alleged link. So even if Wlodarczyk's testimony would have weakened the prosecutor's argument, that would have not helped Bozarth. The case against Bozarth would

---

[3] Indeed, even under Wlodarczyk's testimony, he appears to have lacked personal knowledge of whether Bozarth was in fact involved in the conspiracy.

have still been very strong. Moreover, as explained, the Court agrees that Wlodarczyk arguably links Bozarth to the smuggling operation. There are good reasons to believe Wlodarczyk was not an innocent bystander on the *Miss Behavin*, and his presence on the boat helped to incriminate Bozarth.[4]

## III. CONCLUSION AND ORDER

For the reasons stated, Bozarth's Section 2255 motion is denied in full. Bozarth is denied a certificate of appealability because she has not "made a substantial showing of the denial of a constitutional right." *See* 18 U.S.C. 2253(c)(2).

**IT IS SO ORDERED**.

Dated: June 27, 2024

Honorable Barry Ted Moskowitz
United States District Judge

---

[4] Because the prosecutor had good reason to argue that Wlodarczyk was involved in the conspiracy, the Court reiterates its finding that the prosecutor did not commit misconduct by so arguing. Bozarth has not shown that the government is precluded from dismissing charges against someone and then arguing that he was involved in the illegal scheme at issue.